UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

MARSHALL DeWAYNE WILLIAMS,          )
                                    )
         Plaintiff,                 )          Civil No.
                                    )          5:15-CV-211-JMH
V.                                  )
                                    )
UNKNOWN FEDERAL AGENTS and          )          **MEMORANDUM OPINION**
THE UNITED STATES OF AMERICA,       )              **AND ORDER**
                                    )
         Defendants.                )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Marshall DeWayne Williams is an inmate confined by the Bureau of Prisons ("BOP") in the United States Penitentiary ("USP")-Lee, located in Pennington Gap, Virginia.[1]  On January 14, 2015, while confined in the USP-Beaumont, located in Beaumont Texas, Williams filed a *pro se* civil rights action in the United States District Court for the Eastern District of Texas asserting numerous constitutional claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[2]  Williams alleged that he had been

---

[1] The Court obtained Williams's current location from the BOP's website. *See* http://www.bop.gov/inmateloc/ (last visited on December 2, 2015, in re: Williams, BOP Register No. 14130-077).

[2]  To state a claim that is cognizable in a *Bivens* action, the plaintiff must plead two essential elements: first, that he has been deprived of rights secured by the Constitution or laws of the United States, and second, that the defendants acted under color of federal law.  *Bivens*, 403 U.S. at 397.  This implied cause of action is "the federal analog

1

assaulted and mistreated while confined in various federal prisons located in Memphis, Tennessee; Forest City, Arkansas; Lexington, Kentucky; Inez, Kentucky; Oklahoma City, Oklahoma; and Lewisburg, Pennsylvania. [R. 2]. Williams named the United States of America and "Unknown Federal Agents" as the defendants to the action, alleging that he was asserting claims against them "…only in their official capacity." [R. 2, p. 1]

On April 16, 2015, the Texas federal court severed all of the claims except those arising in Memphis, Tennessee, and directed the clerk of that court to create a new civil action for each set of geographically-related claims. [R. 1]. *See Williams v. Unknown Federal Agents*, No. 1:15-CV-16 (E.D. Tex. 2015). The clerk of the Texas court created a new civil action for the claims related to alleged events at the Federal Medical Center ("FMC")-Lexington, located in Lexington, Kentucky. These claims form the subject matter of this action. A magistrate judge then determined the case should be transferred to this Court based on venue considerations set forth in 28 U.S.C. § 1406. The transfer of the case was not effectuated until July 24, 2015 [R. 6], upon the Fifth Circuit's dismissal of Williams's appeal for want of prosecution. [R. 5, 6]. *See Williams v. Unknown Federal Agents*, No. 1:15-CV-158 (E.D. Tex. 2015).

---

to suits brought against state officials" under 42 U.S.C. § 1983. *Hartman v. Moore*, 547 U.S. 250, 254 n. 2 (2006).

On August 24, 2015, this Court granted Williams's motion to proceed *in forma pauperis*. *See* Order, R. 13.  The Court now conducts a preliminary review of Williams's complaint because he asserts claims against government officials, and because he has been granted *in forma pauperis* status in this action.  28 U.S.C. §§ 1915(e)(2); 1915A.  In such cases, a district court must dismiss any action which (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  *Id*.

Because Williams is proceeding without an attorney, the Court liberally construes his claims and accepts his factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  But as explained below, the Court will dismiss Williams's *Bivens* claims stemming from his prior confinement at FMC-Lexington.

## WILLIAMS'S CRIMINAL PROCEEDINGS

On July 1, 2010, a federal grand jury in Frankfort, Kentucky, handed down a two-count Indictment against Williams, charging that on August 20, 2009, Williams: (1) forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with a U.S. Secret Service Special Agent, while the Special Agent was engaged in his official duties, all in violation of 18 U.S.C. § 111; and (2) while an inmate in USP-Big Sandy, possessed a prohibited object, to wit a shank, all in violation of 18 U.S.C. §§ 1791(a)(2) and (b)(3).

3

*United States v. Marshal Dewayne Williams*, No. 3:10-CR-11-KSF-REW (E. D. Ky. 2010) [R. 1, therein] ("the Frankfort Criminal Case").

On April 7, 2011, Williams was indicted in the Pikeville Division of this Court, charged with twenty-one (21) counts of mailing threatening letters to various state and federal officials in violation of 18 U.S.C. § 1038(a)(1)(A) in July and August 2009. *United States v. Marshal DeWayne Williams*, Case No. 7:11-CR-10-KSF-REW-1 (E. D. Ky. 2011) [R. 1, therein] ("the First Pikeville Criminal Case").[3]   When Williams was indicted in the various federal cases in Kentucky, he was already serving a ninety-nine-year sentence for maliciously destroying a newspaper dispenser with a pipe bomb, which resulted in the death of his step-father, and a ten-year consecutive term for possession of the pipe bomb and the making of the pipe bomb without required approval.  *United States v. Williams*, 775 F.2d 1295, 1297 (5th Cir. 1985); *United States v. Williams*, 819 F.2D 605, 607 (5th Cir. 1987)

On April 18, 2011, the United States filed a motion to dismiss without prejudice the two charges filed in the Frankfort Criminal

---

[3] On July 1, 2010, a federal grand jury in Pikeville, Kentucky, returned yet another indictment charging that Williams did "forcibly assault, resist, oppose, impede, intimidate, and interfere with a U.S. Secret Service Special Agent, while the Special Agent was engaged in his official duties, all in violation of 18 U.S.C. § 111." *See United States v. Marshal DeWayne Williams*, No. 7:10-CR-17-DCR-REW-1 (E. D. Ky. 2010) [R. 1, therein; Indictment Count 1] ("the Second Pikeville Criminal Case).  In Count 2 of the Indictment, the grand jury charged that Williams possessed a prohibited object while an inmate at the USP-Big Sandy, a federal prison located in the Eastern District of Kentucky, in violation of 18 U.S.C. § 1791(a)(2) and (b)(3).  On August 17, 2010, the Court entered an Order directing that "…all future pleadings should be filed in Frankfort Criminal Action No. 3: 10-11-DCR."  [R. 25, therein]

Case.  [R. 128, therein]   On April 19, 2011, the Court granted that motion and dismissed the Frankfort Criminal Case without prejudice.  [R. 129, therein].   Invoking his rights under the Speedy Trial Act, 18 U.S.C. § 3162(a)(2), Williams then moved to dismiss the indictment *with* prejudice [R. 130, therein], but the Court denied that motion [R. 132, therein].   Williams appealed both orders, but the Sixth Circuit Court of Appeals dismissed his appeal for lack of jurisdiction because both of the orders from which Williams appealed were non-appealable, interlocutory orders. [*Id.*, R. 137, therein; *United States of America v. Marshal DeWayne Williams*, No. 11-5549 (6th Cir. June 30, 2011)]

On June 1, 2011, the United States filed a motion to dismiss without prejudice the twenty-one criminal charges filed in the First Pikeville Criminal Case.  [R. 42, therein].  On June 2, 2011, the Court granted that motion and dismissed the First Pikeville Criminal Case without prejudice.  [R. 43, therein].  Again invoking his rights under the Speedy Trial Act, 18 U.S.C. § 3162(a)(2) Williams moved to dismiss the indictment *with* prejudice, *see id*. R. 44, therein, but the Court denied that motion, *see id*., R. 46, therein.  William appealed, but the Sixth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction, finding that both of the orders from which Williams appealed were interlocutory. [*Id.*, R. 51, therein; *United States of America v. Marshal DeWayne Williams*, No. 11-5723 (6th Cir. Sept. 8, 2011)]

### ALLEGATIONS OF WILLIAMS'S *BIVENS* COMPLAINT

Williams asserts two specific sets of claims relating to his confinement in the FMC-Lexington.  *See* R. 2, pp. 6; p. 8.  In his first set of claims, Williams alleges that "on or about June 2012", unidentified federal agents tortured him, assaulted and battered him, applied various and extreme methods of excessive force on him, and subjected him to dangerous conditions of confinement, all of which caused him to sustain severe physical and psychological injuries, from which he currently suffers.  [R. 2, p. 6]

In his second set of claims, Williams alleges that "…on or about June 2010," unidentified federal agents "…did psychologically force plaintiff to physically kidnap former state congressman governor-elect Steve Nunn." [*Id.*, p. 8]  In that same passage, Williams further alleges that the defendants inflicted the same forms of extremely cruel and unusual punishment on him which he had earlier described on page six of his complaint. [*Id.*]

Finally, under the heading of "No Specific Location," Williams asserts a series of claims challenging specific past conditions of his confinement, such as being placed in isolation, being denied bed clothes, a toothbrush, toothpaste, and toilet paper; being subjected to abuse and torture; being the target of a conspiracy; deliberate indifference to his safety and medical needs; and the confiscation of his papers and mattress.  [*Id.*, p.

6

12]  Williams alleges that these actions occurred between June
2008 and December 2014, but he does not specify where (or in which
federal prison) these alleged events transpired. [*Id.*]  Williams
seeks unspecified compensatory and punitive damages from the
defendants. [*Id.*, p. 4; p. 13]

DISCUSSION

Williams's claims stemming from his confinement in the FMC-
Lexington must be dismissed for a variety of reasons. First and
foremost, all of his claims are barred by Kentucky's one year
statute of limitations. Williams's alleged *Bivens* claims arose in
a federal prison located in Kentucky, and in Kentucky, the one-
year limitation period under Ky. Rev. Stat. § 413.140(1)(a) applies
to claims alleging the commission of constitutional torts.  Ky.
Rev. Stat. Ann. § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d
811, 825 (6th Cir. 2003); *Collard v. Ky. Bd. of Nursing*, 896 F.2d
179, 181-82 (6th Cir. 1990).  Thus, *Bivens* claims have a one-year
statute of limitations under Kentucky law.  *Mitchell*, 343 F.3d at
825; *McSurely v. Hutchison*, 823 F.2d 1002 (6th Cir. 1987).

The next step requires the Court to determine when that one-
year period began to run.  Federal law governs when the statute of
limitations begins to run.  *Wilson v. Garcia*, 471 U.S. 261, 267
(1985); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996);
*Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).  A cause of
action accrues when "... the plaintiff knows or has reason to know

7

that the act providing the basis of his or her injury has occurred." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991); *see also Sevier*, 742 F.2d at 273.

Under that framework, and based on his own allegations, Williams either knew or should have known about the basis of claims set forth on page six of his complaint (that in June 2012, unidentified federal officials subjected him to extreme forms of cruel and unusual punishment and applied various methods of excessive force to him) on or before June 30, 2012. Thus, Williams was required to have asserted any claims based on those alleged events within one year of that time, which would have been no later than **June 30, 2013**. Williams did not, however, assert these claims until January 14, 2015, when he filed his *Bivens* complaint in the Texas federal court.

Admittedly, the BOP's administrative remedy process set forth in 28 C.F.R. §§ 542.14-18 can take 90 days to complete—sometimes 120 days if time extensions are granted. But even allowing for liberal time-extensions to accommodate compliance with that administrative exhaustion process, it is clear from the face of Williams's complaint that his claims set forth on page six (6) of his complaint are time-barred.

Although the statute of limitations is an affirmative defense, when it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be

8

dismissed for failure to state a claim upon which relief may be
granted. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). Cf. *Fraley
v. Ohio Gallia Cnty.*, No. 97–3564, 1998 WL 789385, at *1–2 (6th
Cir. Oct.30, 1998) (holding that the district court "properly
dismissed" the pro se plaintiff's § 1983 civil rights claims under
28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years
after Ohio's two-year statute of limitations had expired); *Anson
v. Corr. Corp. Of America*, No. 4:12cv357, 2012 WL 2862882, at *2–
3 (N.D. Ohio July 11, 2012) (dismissing a complaint under 28 U.S.C.
§ 1915(e) *sua sponte*, based in part on the fact that the plaintiff
was asserting his *Bivens* claims "six years after the events upon
which they are based occurred" and were thus time-barred under
Ohio's two-year statute of limitations for bodily injury).

The same rationale applies to the other allegations set forth
on page eight (8) of the complaint, wherein Williams alleges that
during the month of June 2010, unidentified federal officials
subjected him to extreme forms of cruel and unusual punishment,
and that they applied various methods of excessive force to him.
Williams was required to have asserted any claims based on those
alleged actions and events within one year of that month, which
would have been no later than **June 30, 2011**. Williams did not
assert these claims until January 14, 2015, when he filed his
*Bivens* complaint in the Texas federal court.

9

Second, Williams further alleges on page eight (8) of his complaint that unidentified federal agents psychologically "forced" him to kidnap "Steve Nunn."[4] As noted, a district court must dismiss any prisoner civil complaint if it is frivolous. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). A frivolous complaint is one that lacks a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989) (interpreting 28 U.S.C. § 1915); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).

An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.[5] Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual

---

[4] Williams incorrectly asserts that "Steve Nunn" was the governor-elect of Kentucky. Stephen Roberts Nunn was a former representative in the Kentucky State Legislature, but the Court takes judicial notice of the fact that Nunn is now a state prisoner in the custody of the Kentucky Department of Corrections, Inmate No. 246151, serving a life without parole sentence following his murder conviction in the Fayette Circuit Court, Case No. 09-CR-01678. *See* http://kool.corrections.ky.gov/KOOL/Details/313971 (last visited on December 2, 2015).

[5] Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Ascroft v. Iqbal*, 129 S.Ct. 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50 (2009), a district judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28.

allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

Here, Williams's allegation that unnamed federal officials forced him to kidnap "Setve Nunn" is, on its face, a fantastic, "wholly incredible," and delusional assertion which requires no further analysis. A claim such as this must be dismissed *sua sponte* as delusional and frivolous. *See Henry v. Caruso*, No. 13-12881, 2014 WL 525032, at *4 (E. D. Mich. Feb. 7, 2014) (recommending that state prisoner's claims alleging that Michigan Department of Corrections officials had surgically implanted transmitters in his neck, were subject to *sua sponte* dismissal as frivolous because they were based upon irrational and delusional factual averments); *See Golden v. Coleman*, 429 F. App'x 73 (3d Cir.2011) (prisoner's allegations that prison employees violated his constitutional rights by planting "Government Micro Eye Cameras" in his food, which then attached to his visual cortex and sent images to a computer, were fantastic, delusional, and simply unbelievable, and warranted dismissal of his § 1983 action); *Abascal v. Jarkos*, 357 F. App'x 388 (2d Cir. 2009) (claim that prison doctors and officials were deliberately indifferent in using high-tech equipment to control the plaintiff's thoughts and to cause him pain and injury was properly dismissed *sua sponte* as fantastic or delusional).

As for Williams's "No Specific Location" condition of confinement claims set forth on page 12 of his complaint (that he was denied certain items such as a toothbrush, toothpaste, a mattress, and that unidentified prison officials were deliberately indifferent to his serious medical needs), Williams fails to allege where the alleged actions (or inactions) about which he complains occurred.  Williams makes no reference to FMC-Lexington in that passage, but he specifically alleges that he was allegedly mistreated while confined in the USP-Lewisburg, in Lewisburg, Pennsylvania, between December 2012 and August 2014.  Based on Williams's bizarre allegations, it appears that his confinement in the FMC-Lexington ended sometime in June 2012, after which he was transferred to another BOP facility.  To the extent that Williams broadly challenges various conditions of his confinement at FMC-Lexington which date back to June 2012 (at the latest), those claims are also time-barred for the reasons previously discussed.

Third, Williams asserts *Bivens* claims against unidentified federal officials in their official capacities, *see* R. 2, p. 1. These claims must be dismissed, as it has long been established that a *Bivens* claim may not be asserted against a federal officer in his official capacity.  *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) (affirming dismissal of *Bivens* claim asserted by a federal prisoner against a federal official in his official capacity).

Fourth and finally, absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. *Loeffler v. Frank*, 486 U.S. 549, 554; *Federal Housing Administration v. Burr*, 309 U.S. 242, 244. Sovereign immunity is jurisdictional in nature. Indeed, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). *See also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction").

Simply put, *Bivens* actions may not be maintained against the United States. *See e.g., Shaner v. United States*, 976 F.2d 990, 994 (6th Cir. 1992) ("a *Bivens* action may be brought only against individual federal officials, not against the United States"); *Nuclear Transport and Storage, Inc. v. United States*, 890 F.2d 1348, 1352 (6th Cir. 1989) (United States cannot be sued under *Bivens* because it "has not waived sovereign immunity and consented expressly to be sued in a *Bivens*-type action"). For all of these reasons, Williams's complaint will be dismissed, with prejudice.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Plaintiff Marshal DeWayne Williams' 28 U.S.C. § 1331 civil rights complaint [R. 2] is **DISMISSED WITH PREJUDICE.**

2.    Judgment  will  be  entered  contemporaneously  with  this Memorandum Opinion and Order in favor of the named defendants.

3.    The  Clerk  of  the  Court  shall  send  a  copy  of  this Memorandum Opinion and Order, and attached Judgment, to Williams at the following address:  Marshall DeWayne Williams, BOP Register No.  14130-077,  USP-Lee,  U.S.  Penitentiary,  P.O.  Box  305, Jonesville, VA. 24263.

4.    This  proceeding  is  **DISMISSED**  and  **STRICKEN**  from  the Court's docket.

This December 3, 2015.

Signed By:

_Joseph M. Hood_

Senior U.S. District Judge

14