```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION AT LEXINGTON


MARSHALL DeEWAYNE WILLIAMS,    )
                               )
     Plaintiff,                )      Civil No.
                               )      5:15-CV-211-JMH
V.                             )
                               )
UNKNOWN FEDERAL AGENTS and     )      MEMORANDUM OPINION
THE UNITED STATES OF AMERICA,  )         AND ORDER
                               )
     Defendants.               )
```

                                          \*\*\*    \*\*\*    \*\*\*    \*\*\*

Plaintiff Marshall DeWayne Williams is an inmate confined by the Bureau of Prisons ("BOP") at the United States Penitentiary ("USP")-Lee located in Jonesville, Virginia. Proceeding without counsel, Williams has filed a motion [R. 19] to amend his civil rights complaint [R. 2], which this Court dismissed in the Memorandum Opinion and Order ("the Opinion and Order") and Judgment entered on December 3, 2015 [R. 14; R. 15] As explained below, Williams's motion to amend his dismissed complaint will be denied.

### BACKGROUND

In 2015, while confined in Texas, Williams brought suit under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), alleging that he had been assaulted and mistreated while confined in various federal prisons in Tennessee, Arkansas, Kentucky, Oklahoma, and Pennsylvania. Williams named the United

1

States and "Unknown Federal Agents" as defendants "only in their official capacity." Two separate district-court case numbers and orders arose in this Court from that single complaint: this proceeding and *Marshall Dewayne Williams v. Unknown Feeral Agents. Et al.,* 5:15-CV-68-JMH (E.D. Ky. 2015), also a *Bivens* case.

In the instant *Bivens* proceeding, Williams challenged various conditions of his confinement at the Federal Medical Center ("FMC") Lexington, located in Lexington, Kentucky, where he alleged that "on or about June 2012" federal agents tortured him, assaulted him, and subjected him to excessive force and dangerous conditions of confinement. He also alleged that "on or about June 2010" federal agents psychologically forced him to kidnap a former Kentucky state congressman, and that the agents inflicted cruel and unusual punishment on him. Finally, without specifying where he was confined, Williams alleged that between June 2008 and December 2014, he suffered unlawful conditions of confinement, including but not limited to, being placed in isolation, denied personal hygiene items, and that he was subjected to abuse, torture and conspiracy.

On December 3, 2015, the Court screened the *Bivens* complaint pursuant to 28 U.S.C. §§ 1915(e)(2); 1915A, and, in the Opinion and Order, dismissed all of the claims which Williams had asserted. [R. 14] The Court dismissed Williams's claims stemming from his confinement at FMC-Lexington and his "No Specific Location"

condition-of-confinement claims because they were barred by the applicable statute of limitations Ky. Rev. Stat. § 413.140(1)(a)); dismissed Williams's claim that he was psychologically forced to kidnap a former congressman as lacking a rational or arguable basis in law or fact pursuant to *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); dismissed the unidentified federal agents as being not amenable to suit in their official capacities; and dismissed Williams's *Bivens* claims against the United States as prohibited by the doctrine of sovereign immunity. [*Id*.] In the Judgment, the district court also certified that an appeal could not be taken in good faith. [R. 15, ¶ 4]

Williams appealed, but on May 24, 2016, the Sixth Circuit Court determined that for the reasons set forth in the Opinion and Order, Williams's appeal did not have an arguable basis in law or fact; denied Williams *in forma pauperis* status on appeal; and ordered Williams to pay the $505 appellate filing fee within thirty days, or risk dismissal for want of prosecution. *Marshall DeWayne Williams v. Unknown Federal Agents, et al*., No. 16-5006 [R. 14, therein] On July 22, 2016, the Sixth Circuit dismissed the appeal because Williams did not pay the assessed appellate filing fee within the prescribed time. [*Id*., R. 15, therein]

On July 28, 2016, less than a week after his appeal was dismissed, Williams filed motion to amend his *Bivens* complaint in this *Bivens* proceeding. [R. 22] Williams contends that because

3

the BOP transferred him among its various prison facilities between July 2009 and December 2014, and between August 2015 through June 2016, the applicable statute of limitations (Ky. Rev. Stat. § 413.140(1)(a)) should have been tolled with respect to his non-specific condition of FMC-Lexington condition of confinement claims, thus allowing him to proceed with those claims. [*Id.*]

## DISCUSSION

This case is closed, judgment has been entered against Williams, and Williams has unsuccessfully appealed the Opinion and Order and Judgment. Williams has not alleged facts which warrant amendment of his original complaint under any provision of Federal Rule of Civil Procedure 15. *See Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014) ("When a party seeks to amend a complaint after an adverse judgment, it thus must shoulder a heavier burden [than if the party sought to amend a complaint beforehand]. Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60.") (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010)). The Sixth Circuit's approach on this issue follows that of the Seventh Circuit. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 521 (7th Cir. 2015) ("… when a district court has entered a final judgment of dismissal, the plaintiff cannot amend under Rule 15(a) unless the

judgment is modified, either by the district court under Rule 59(e) or 60(b), or on appeal.")

In his current motion, Williams claims—for the first time--that the applicable one-year statute of limitations should have been tolled with respect to his condition of confinement claims because of his frequent transfers among BOP facilities. When determining whether equitable tolling is appropriate, the Sixth Circuit applies a five-factor balancing test, which weighs:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006) (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001), adopting factors set forth in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)) (alteration in *Solomon*). "The *Andrews* factors are not necessarily comprehensive or always relevant; ultimately every court must consider an equitable tolling claim on a case-by-case basis." *King v. Bell*, 378 F.3d 550, 553 (6th Cir.2004) (citation omitted).

Applying these five criteria to the instant proceeding, Williams could and should have raised his equitable tolling argument (vis-à-vis his FMC-Lexington condition of confinement

5

claims) in a motion seeking post-judgment relief under either Rule 59(e) or 60(b), but he did not do so;[1] he directly proceeded with an appeal, which was dismissed because Williams did not pay the appellate filing fee **after** the Sixth Circuit determined that his appeal lacked an arguable basis in law or fact as to any issue asserted. Williams is therefore not entitled to assert the equitable tolling argument "anew" in motion to amend under his complaint under Rule 15; to allow Williams to amend his complaint at this juncture would result in an improper "after the fact" manipulation of the judicial process.

And most fundamentally, Williams's belated assertion that he was "in transit" continually between 2009 and 2014, and again between August 2015 and June 2016, does not constitute an extraordinary circumstance that would allow the Court to equitably toll the applicable one-year statute of limitation period. While the BOP intermittently transferred Williams to different

---

[1] Williams also did not allege in his original *Bivens* complaint that his various BOP transfers between 2009 and 2014 prevented him from filing suit on his FMC-Lexington condition of confinement claims. Further, as noted in the Opinion and Order, Williams's own discussion of his "No Specific Location" condition of confinement claims were deficient in all respects, as Williams failed to specify exactly where or when those claims and the alleged deprivations occurred. *See* R. 14, at p. 12. This Court was basically required to reconstruct Williams's confinement history, based on the sparse information contained on page 12 of his Complaint [R. 1], determine where Williams was confined during the relevant time-periods, and proceed with analyzing challenging his condition of confinement claims regarding FMC-Lexington. [*Id.*] Now, eight months after the dismissal of his complaint and an unsuccessful appeal, Williams wishes to submit details concerning his BOP transfers.

facilities, Williams was not in a perpetual and/or continual state of "transit" for five straight years between 2009 and 2014, rendering him unable to file suit on his condition of confinement claims. This Court, and other district courts, have consistently held that temporary periods of transfer do not qualify as extraordinary circumstances which justify the equitable tolling of the applicable statute of limitations period. *See Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004) (holding that the fact that the plaintiff had been transferred to another prison and did not have access to his papers was not an exigent circumstance sufficient to justify equitable tolling of the limitations period); *Brown v. United States*, 20 F. App'x 373 (6th Cir. 2001) (concluding that the movant's "ninety days in transit do not explain his lack of diligence in filing his [28 U.S.C.] § 2255 motion during the nine-month period that remained open to him to file timely"); *United States v. Clay*, No. 5:06-CR-83-JMH-JGW-1, No. 5:09-CV-07079-JMH-JGW, 2010 WL 5564051, at *2 (E. D. Ky. May 13, 2010) (denying petitioner's § 2255 motion as time-barred and rejecting his claim that he was "in transit," holding that "To the extent that defendant seeks equitable tolling for the statute of limitations, it is highly unlikely that defendant was 'in transit' the entire year following the date on which his conviction became final."); *Hulsman v. Rebecca Pancake*, No. 3:09-CV-P87-C, 2009 WL 1458239 at *3 (W.D. Ky. May 20, 2009)("The petitioner's assertion

that his petition should be considered timely because KDOC transferred him a number of times and because the only legal assistance available to inmates is jail-house writ writers also fails to demonstrate entitlement to equitable tolling. Those circumstances do not toll the one-year period. The petitioner does not explain why being transferred to different prisons prevented him from filing his habeas petition earlier."); *Nguyen v. United States*, Nos. 3:07-cv-207-J-32HTS, 3:04-cr-093-J-32HTS, 2007 WL 2904141 (M.D. Fla. Oct. 3, 2007) (prisoner-petitioner presented no evidence to show he made efforts to file a petition or secure his legal papers during a temporary transfer period).

For the foregoing reasons, Williams's post-judgment (and post-unsuccessful appeal) motion to amend his complaint under Rule 15 will be denied.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff Marshal DeWayne Williams' motion to amend his complaint [R. 19] is **DENIED**.

This the 1st day of August, 2016.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge